Slip Op. 14-68

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| SINCE HARDWARE (GUANGZHOU) CO., LTD.,<br><br>                    Plaintiff,<br><br>          v.<br><br>UNITED STATES,<br><br>                    Defendant. | Before: Leo M. Gordon, Judge<br><br>Consol. Court No. 11-00106 |

**MEMORANDUM and ORDER**

[Motion to sever denied.]

Dated: June 18, 2014

William E. Perry and Emily Lawson, Dorsey & Whitney LLP of Seattle, Washington for Plaintiff Since Hardware (Guangzhou) Co., Ltd.

Gregory S. Menegaz, J. Kevin Horgan, and John J. Kenkel, deKieffer & Horgan of Washington, DC for Plaintiff-Intervenor Foshan Shunde Yongjian Housewares & Hardwares Co., Ltd.

Carrie A. Dunsmore, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice for Defendant United States. With her on the brief were Stuart F. Delery, Assistant Attorney General, Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director. Of counsel on the brief was Aman Kakar, Office of the Chief Counsel for Import Administration, U. S. Department of Commerce of Washington, DC.

Frederick L. Ikenson, Larry Hampel, and Kierstan L. Carlson, Blank Rome LLP of Washington, DC for Defendant-Intervenor Home Products International, Inc.

Gordon, Judge: Before the court is Home Products International, Inc.'s ("HPI")

motion to sever Foshan Shunde Yongjian Housewares & Hardwares Co. v. United States,

Court No. 11-00118 ("Foshan Shunde") from this consolidated action. Defendant

supports the requested relief. Since Hardware (Guangzhou) Co., Ltd. ("Since Hardware")

Consol. Court No. 11-00106                                                          Page 2

and Foshan Shunde Yongjian Housewares & Hardwares Co. ("Foshan Shunde") oppose

the motion.

USCIT Rule 21 provides for the severance of a party or a claim against a party.

The Rule provides no specific requirements, leaving the matter "committed to the sound

discretion of the court."  Generra Sportswear, Inc. v. United States, 16 CIT 313, 315

(1992).  Among the factors the court considers are: (1) the totality of the facts and

circumstances of the case; (2) whether factual and legal distinctions exist to justify the

severance; (3) the potential prejudice to the opposing party; (4) whether severance will

promote judicial economy through a savings to the opposing party; and (5) whether

severance will promote the interests of justice.  Id.  Although developed in a customs

case, these same factors have been applied in the trade context.  See LG Elecs., Inc. v.

U.S. Int'l Trade Comm., 38 CIT ___, ___, Slip Op. 14-8 at 4-5 & n.6 (Jan. 23, 2014).

The procedural posture of HPI's motion differs somewhat from the procedural

posture of the severance motions in Generra Sportswear and LG Electronics.  HPI has

interposed its motion at the latter stages of this litigation, with the court's consideration of

the substantive issues nearly complete.  In Generra Sportswear and LG Electronics, the

severance motions were interposed in the initial, organizational stages of the litigation

before briefing on the merits.[1]

---

[1] In Generra Sportswear, the court considered severance in conjunction with a motion for
test case designation and suspension under USCIT Rule 84 during the initial stages of
customs valuation litigation.  In LG Electronics, the plaintiff, in the early stages of a
challenge to an injury determination by the U.S. International Trade Commission ("ITC"),
amended its complaint to add a count alleging that the ITC's determination was based on
incorrect factual findings made by the U.S. Department of Commerce ("Commerce").  The

In any event, HPI argues that severance will enable the Government to collect antidumping duties that are due and owing on imports from Since Hardware made during the fifth administrative review period (August 2008 through July 2009).  HPI also argues that the parties will not be prejudiced in that Foshan Shunde would be subject to a remand order as a stand-alone matter, while Since Hardware and HPI would be free to litigate Since Hardware's antidumping duty margin before the U.S. Court of Appeals for the Federal Circuit, if any appeal is filed, without awaiting the final disposition of Foshan Shunde.[2]

The court though is not persuaded that Foshan Shunde and Since Hardware will not be prejudiced.  The labor wage rate and financial statement issues are common to both parties,[3] and severing the action is not as easy or as sensible as HPI and the Defendant may believe.  Severance would quite likely prejudice Foshan Shunde or Since Hardware in pursuing the ultimate resolution of the action by creating piecemeal litigation

---

plaintiff there sought to sever the new count and stay its disposition because "there may come a time when Commerce will have to reconsider its determinations [based on the disposition of companion litigation] and, in doing so, it may render new determinations that could affect the ITC's determination."  LG Elecs., 38 CIT at ___, Slip Op. 14-8 at 6.

[2] HPI also argues that this action is similar to PPG Indus., Inc. v. United States, 11 CIT 303, 660 F. Supp. 965 (1987).  The court disagrees.  PPG is pre-Generra Sportswear and LG Electronics and involved different considerations.  In PPG the court granted a motion to sever two of three actions (challenging the final results of a countervailing duty order) because the claims were mooted by the final results of the first section 751 administrative review, thereby depriving the court of jurisdiction.  Those circumstances are not present here.

[3] The brokerage and handling issue is also common to both parties, albeit, the court deemed Since Hardware's challenge waived.

Consol. Court No. 11-00106                                                                Page 4

through any possible appeal of their common issues.[4]   Instead of promoting judicial

economy through a savings of time and expense for the parties and the courts, severance

of the actions would instead appear to yield the opposite effect – promoting uncertainty,

delay, and expense – by forcing the parties to appeal and defend identical issues arising

out of the same administrative proceeding in separate appeals, each on their own track.

This not only is inefficient and ineffective; it fails to serve the interest of justice.

Severance "could well frustrate the purpose for which the cases were originally

consolidated." See Huene v. United States, 743 F.2d 703, 704 (9th Cir. 1984) (citing 9 C.

Wright & A. Miller, Federal Practice and Procedure § 2386 at 276 (1983)).  The issues for

which HPI seeks severance are not "sufficiently separate" that they would not recur in a

subsequent appeal of Foshan Shunde.  See Sandwiches, Inc. v. Wendy's Int'l, Inc., 822

F.2d 707, 709 (7th Cir. 1987).  In the court's view, severance is simply not warranted.

Instead, the court believes the full focus of the parties and the court should be on

concluding the balance of this litigation as expeditiously as possible.

Accordingly, it is hereby

**ORDERED** that HPI's motion to sever is denied.

/s/ Leo M. Gordon
Judge Leo M. Gordon

Dated:  June 18, 2014
        New York, New York

---

4   The court notes that the underlying cases arose out of the same administrative proceeding, and were consolidated for all purposes.  Additionally, none of the parties raised any objection, nor did they indicate that consolidation should be for limited purposes.